Charles R. Virginia, Esq. (CV 8214)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
111 Broadway, Suite 1403
New York, New York 10006
Office Tel. No.: (212) 943-9080
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAT ANGELO, JOSEPH DEVITA, ROBERT GARIEPY, JOHN F. CAPO, STEPHEN DOHERTY, WILLIAM DERENZIS, JEFFREY DUFFY, as Trustees of the BAC LOCAL 4 PENSION AND ANNUITY FUNDS, MICHAEL PETERSON, RUDOLPH RICCIARD, ROBERT EPIFANO, JOSEPH SPERANZA, JR., MICHAEL SCHMERBECK, JACK KOCSIS, KENNETH SIMONE, JOHN F. CAPO, JEFFREY DUFFY, DONALD ENGELHARDT, KEVIN DUNCAN, RICHARD TOLSON, as Trustees of the NEW JERSEY B.A.C. HEALTH FUND, JAMES R. PRISCO, JR., RUDOLPH RICCIARDI, JOSEPH SPERANZA, JR., JOHN F. CAPO, JEFFREY DUFFY, DONALD ENGELHARDT, and LEON JONES, JR., as Trustees of the NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H. J. BRAMLETT, EUGENE GEORGE, ROBERT HOOVER, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, BENJAMIN CAPP, and WILLIAM MCCONNELL as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES BOLAND, TED CHAMP, RAYMOND CHAPMAN, VINCENT DELAZZERO, BRUCE DEXTER, JOHN FLYNN, EUGENE GEORGE, GREGORY HESS, FRED KINATEDER, DAN KWIATKOWSKI, KEN LAMBERT, SANTO LANZAFAME, DICK LAUBER, WILLIAM MCCONNELL, EDWARD NAVARRO, GERALD O'MALLEY, JOHN PHILLIPS, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, PAUL SONGER, JOSEPH SPERANZA, and FRED VAUTOUR as Trustees of, and on behalf of, the INTERNATIONAL MASONRY INSTITUTE, and RICHARD TOLSON, as DIRECTOR OF NJ BAC ADMINISTRATIVE DISTRICT COUNCIL, | 08 Civ. _____ <br><br> **COMPLAINT** |
| Plaintiffs, | |
| -against- | |
| KTC CONSTRUCTION, INC., | |
| Defendant. | |

Plaintiffs, by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare, pension and annuity fringe benefit funds through their respective Boards of Trustees, and by a union through its President, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Funds and remit dues check-offs and other contributions deducted from the wages paid to employees who authorize said deductions in writing to the union. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Funds and to remit dues check-offs and other contributions to the union when due, Defendant violated the relevant collective bargaining agreements with the union and the respective Trust Agreements with the Funds, as well as committed violations of ERISA.

## JURISDICTION

2. This Court has subject matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f), and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145, and § 301(c) of the LMRA, 29 U.S.C., 29 U.S.C. § 185(c).

## VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1). Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

4. Plaintiffs Pat Angelo, Joseph DeVita, Robert Gariepy, Joseph Puzio III, John F. Capo, Stephen Doherty, William DeRenzis and Jeffrey Duffy are the employer and employee trustees of the B.A.C. Local 4 Pension and Annuity Funds (hereinafter, the "Local 4 Pension and Annuity Funds"). The Local 4 Pension and Annuity Funds are multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The Local 4 Pension and Annuity Funds are employee benefit plans within the meaning of Sections 3(2)(A), 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A). The Local 4 Pension and Annuity Funds maintain their principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

5. The Local 4 Pension and Annuity Funds are third-party beneficiaries under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

6. The Local 4 Pension and Annuity Funds are multiemployer benefit funds which have standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

7. Michael Peterson, Rudolph Ricciardi, Robert Epifano, Joseph Speranza, Jr., Michael Schmerbeck, Jack Kocsis, Kenneth Simone, John F. Capo, Jeffrey Duffy, Donald Engelhardt, Kevin Duncan and Richard Tolson are the employer and employee trustees of the New Jersey B.A.C. Health Fund (hereinafter the "N.J. BAC Health Fund"). The N.J. BAC Health Fund is a multi-employer, labor-management trust fund, organized and operated pursuant

3

to various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The N.J. BAC Health Fund is an employee welfare plan within the meaning of Sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A). The N.J. BAC Health Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

8. The N.J. BAC Health Fund is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

9. The N.J. BAC Health Fund is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

10. James R. Prisco, Jr., Rudolph Ricciardi, Joseph Speranza, Jr., John F. Capo, Jeffrey Duffy, Donald Engelhardt and Leon Jones, Jr. are the employer and employee trustees of the New Jersey BM&P Apprentice and Education Fund (hereinafter the "Apprentice Fund"). The Apprentice Fund is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Apprentice Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2) and (37)(A). The Apprentice Fund maintains its principal place of business at 3281 Rt. 206 Bordentown, New Jersey 08505.

11. The Apprentice Fund is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

12. The Apprentice Fund is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

13. Plaintiffs John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent Delazzero, Benjamin Capp, and William McConnell are the employer and employee representatives and the trustees of the Bricklayers & Trowel Trades International Pension Fund (the "IPF"). The IPF is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The IPF is an employee benefit plan within the meaning of Sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A). The IPF maintains its principal place of business at 620 F Street, N.W., Washington, District of Columbia 20004.

14. The IPF is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

15. The IPF is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

16. Jim Allen, Matthew Aquiline, Lon Best, James Boland, Ted Champ, Raymond Chapman, Vincent Delazzero, Bruce Dexter, John Flynn, Eugene George, Gregory Hess, Fred Kinateder, Dan Kwiatkowski, Ken Lambert, Santo Lanzafame, Dick Lauber, William Mcconnell, Edward Navarro, Gerald O'Malley, John Phillips, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Paul Songer, Joseph Speranza, and Fred Vautour are the trustees of, and sue on behalf of the International Masonry Institute ("IMI"). The IMI is an employee benefit plan with the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a multi-employer plan within the meaning of Section 3(37) ERISA, 29 U.S.C. § 1002(37). The IMI Trustees bring this action on behalf of, and for the benefit of, the beneficiaries of the

IMI in their respective capacities as fiduciaries. The IMI maintains its principal place of business at 42 East Street, Annapolis, Maryland 21401.

17. The IMI is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

18. The IMI is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

19. Plaintiff Richard Tolson is the Director of NJ BAC Administrative District Council (the "Union"), and brings this action for dues check-offs and other contributions in his representative capacity. The Union is a labor organization within the meaning of Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 3281 Rt. 206, Bordentown, New Jersey 08505.

20. Upon information and belief, at all times relevant hereto, Defendant KTC Construction, Inc. ("KTC") was and is a corporation doing business in the State of New Jersey as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, KTC maintains its principal place of business at 2816 Morris Avenue, Union, New Jersey 07083.

## **BACKGROUND**

21. The Plaintiffs Local 4 Pension and Annuity Funds, N.J. BAC Health Fund and the Apprentice Fund (hereinafter, collectively, the "Local 4 Benefit Funds" or the "Funds") and the IPF and IMI provide employee fringe benefits to members of the Union.

22. Defendant KTC is a signatory to a collective bargaining agreement ("CBA") with the Union establishing the terms and conditions of employment for employees of KTC working as bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers and exterior marble masons (hereinafter, "Covered Work") within the geographical jurisdiction of the Union.

23. Pursuant to the CBA, KTC agreed to pay to the Plaintiff Local 4 Benefit Funds, and the IPF and IMI fringe benefit contributions and to forward dues check-offs for each hour worked by employees of Defendant KTC covered by the CBA.

24. Defendant KTC employed certain employees covered under the CBA during this period and continuing.

25. Upon information and belief, KTC has not fulfilled its statutory and contractual obligations to pay the required fringe benefit contributions to the Funds and to remit dues check-offs and other contributions deducted from the wages paid to employees who perform work covered by the CBA.

26. Based on shop steward reports, KTC failed to pay: (1) benefit contributions to the Local 4 Benefit Funds in the amount of $9,384.56; (2) benefit contributions to the Plaintiffs IPF and IMI in the amount of $1,421.00; and (3) dues check-offs to the Union in the amount of $1,173.00 for work performed during the period January 16 through February 29, 2008 at Bernardsville High School.

## FIRST CLAIM FOR RELIEF

27. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 26 hereof.

28. As a result of work performed by individual employees of Defendant KTC,

7

pursuant to the CBA, there became due and owing to Plaintiffs Local 4 Benefit Funds from Defendant KTC fringe benefit contributions in the amount of $9,348.56 for work performed at Bernardsville High School during the period Janury 16 through February 29, 2008.

29. This failure, refusal or neglect of Defendant KTC to make the required contributions to Plaintiffs Local 4 Benefit Funds constitutes a violation of the CBA with respect to which Plaintiff Funds are third-party beneficiaries.

30. Pursuant to the Policy for Collection of Delinquent Contributions adopted by the trustees of the Local 4 Benefit Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of ten percent (10%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing.

31. Accordingly, Defendant KTC is liable to Plaintiffs Local 4 Benefit Funds for benefit contributions in the amount of $9,348.56 for work performed at the Bernardsville High School, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## SECOND CLAIM FOR RELIEF

32. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 31 hereof.

33. As a result of work performed by individual employees of Defendant KTC, pursuant to the CBA, there became due and owing to Plaintiffs IPF and IMI from Defendant KTC fringe benefit contributions in the amount of $1,421.00 for work performed at Bernardsville High School during the period January 16 through February 29, 2008.

34. This failure, refusal or neglect of Defendant KTC, to make the required contributions to Plaintiffs IPF and IMI constitutes a violation of the CBA with respect to which the Plaintiff IPF and IMI are third-party beneficiaries.

35. Pursuant to the Policy for Collection of Delinquent Contributions adopted by the IPF and IMI, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of fifteen percent (15%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing

36. Accordingly, Defendant KTC is liable to Plaintiffs IPF and IMI for benefit contributions in the amount of $1,421.00 for work performed at Bernardsville High School during the period January 16 through February 29, 2008 plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

### THIRD CLAIM FOR RELIEF

37. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 36 hereof.

38. Pursuant to the CBA, Defendant KTC, *inter alia*, became obligated to deduct dues check-offs from the wages paid to the employees of Defendant KTC performing Covered Work who authorized such deduction in writing.

39. Upon information and belief, pursuant to the CBA and as a result of work performed by individual employees of Defendant KTC who authorized said deduction in writing, Defendant KTC deducted as and for dues check-offs the amount of $1,173.00 for work performed at Bernardsville High School during the period January 16 through February 29, 2008.

40. No part of the dues check-offs contractually due the Plaintiff Union has been remitted by Defendant KTC to Plaintiff Union. Although all unremitted dues check-offs have been duly demanded, the sum of $1,173.00 remains unpaid.

41. Accordingly, Defendant KTC is liable to Plaintiff Union for unremitted dues check-offs in the amount of $1,173.00 for work performed at Bernardsville High School during the period January 16 through February 29, 2008.

## FOURTH CLAIM FOR RELIEF

42. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 41 hereof.

43. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

44. Upon information and belief, Defendant KTC by the terms of the CBA, failed to pay and submit the required monetary contributions and reports to the Local 4 Benefit Funds due as a result of Covered Work performed by individual employees of Defendant KTC. Such failure to make payment and submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

45. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff funds' plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

46. Accordingly, Defendant KTC is liable to the Local 4 Benefit Funds for the payment and submission of the required monetary contributions and reports to the Local 4 Benefit Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### EIGHTH CLAIM FOR RELIEF

47. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 46 hereof.

48. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

49. Upon information and belief, at all times material hereto, Defendant KTC by the terms of the CBA, failed to pay and submit the required monetary contributions and reports to the Plaintiffs IPF and IMI due as a result of work performed by individual employees of Defendant KTC. Such failure to make payment and submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

50. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

51. Accordingly, Defendant KTC is liable to the Plaintiffs IPF and IMI for the payment and submission of the required monetary contributions and reports to the IPF and IMI

as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

**WHEREFORE,**

(1) Plaintiffs Local 4 Benefit Funds demand judgment on their First Claim for Relief against KTC for benefit contributions in the amount of $9,384.56 for work performed at Bernardsville High School during the period January 16 through February 29, 2008 plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(2) Plaintiffs IPF and IMI demand judgment on their Second Claim for Relief against KTC, for benefit contributions in the amount of $1,421.00 for work performed at Bernardsville High School during the period January 16 through February 29, 2008, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(3) Plaintiff Union demands judgment on its Third Claim for Relief against KTC, for unremitted dues check-offs in the amount of $1,421.00 for work performed at Bernardsville High School during the period January 16 through February 29, 2008;

(4) Plaintiffs Local 4 Benefit Funds demand judgment on their Fourth Claim for Relief against KTC, for the payment of any and all additional statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132);

(5) Plaintiffs IPF and the IMI demand judgment on their Fifth Claim for Relief against KTC, for any and all additional statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132); and

(6) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 11, 2008

By: **BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC**

_____
Charles R. Virginia, Esq. (CV 8214)
*Attorneys for Plaintiffs*
Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
Office Tel. No.: (212) 943-9080